UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THELMA WILLIAMS, JR                                                     PLAINTIFF
ADC #093197

V.                          No. 4:22-CV-1258-BSM-JTR

JAMES GIBSON, Warden,
Varner Unit, Supermax Unit, *et al.*                                   DEFENDANTS

## **ORDER**

On December 19, 2022, Plaintiff Thelma Williams, Jr. ("Williams"), a prisoner incarcerated in the Varner Supermax unit ("VSM") of the Arkansas Division of Correction ("ADC"), filed a Motion to Proceed *In Forma Pauperis* ("IFP Motion"), an eight-page Complaint alleging Defendants violated his constitutional rights, and an "Affidavit" requesting summons be issued. *Docs. 1–3*. Between December 19, 2022 and February 6, 2023, Williams filed *thirty-six* additional documents, including multiple Amended Complaints, Briefs, and Motions for Injunctions. *Docs. 4–27, 29–41*.

On February 10, 2023, the Court denied Williams' IFP Motion because: (1) he is a three-striker and the varied, vague, and conclusory allegations in his Complaint, Amended Complaints, and other documents did not show that he was "under imminent danger of serious physical injury," as required by 28 U.S.C.

§ 1915(g);[1] and (2) he had not submitted a certified copy of his prison trust account for the six-month period immediately preceding the filing of his Complaint. *Doc. 42*. The Court directed Williams to file an updated IFP Motion and Amended and Substituted Complaint, by March 13, 2023, if he wished to proceed with this lawsuit. *Id*. The Order contained very specific instructions on the information Williams needed to provide for the Court to determine if he: (1) had stated a claim upon which relief could be granted; and (2) met the imminent-danger exception to the three-strike rule. *Id. at 5*.

Since the Court's February 10 Order, Williams has filed twenty-one additional documents. The Court will consider all of Williams' pleadings and pending Motions in turn.

I.  **Williams' Amended and Substituted Complaint**

Since initiating this action on December 19, 2022, Williams has filed twelve documents titled "Complaint," "Amended Complaint," or "Supplemental Complaint." *Docs. 2, 6–7, 16, 19, 21–22, 30, 40, 47–48, 50*. Those documents combine to form 564 pages of handwritten allegations.

---

[1] The following dismissals constitute "strikes" against Williams for purposes of determining whether he is eligible to proceed *in forma pauperis*: *Williams v. Griffin et al.*, No. 4:20-CV-940-KGB (E.D. Ark. Jan. 29, 2021) (dismissing for failure to state a claim upon which relief may be granted); *Williams v. White et al.*, No. 5:10-CV-361-BSM (E.D. Ark. Dec. 17, 2010) (same); *Williams v. Smallwood et al.*, No. 5:07-CV-181-JMM (E.D. Ark. Sept. 13, 2007) (same); *Williams v. Bennett et al.*, No. 5:07-CV-179-JMM (E.D. Ark. Aug. 17, 2007) (same); *Williams v. Gibson et al.*, No. 5:07-CV-178-WRW (E.D. Ark. Aug. 13, 2007) (same).

Williams has now submitted a "Amended and Substituted Complaint," as directed by the Court. *Doc. 56*. After liberally construing that 204-page document, which supersedes all previous pleadings,[2] Williams seeks to pursue a myriad of claims ranging from 2007 to February 20, 2023. Many of the claims are frivolous and fanciful, but there are two alleged incidents that merit further review to determine if Williams has alleged facts sufficient to show he is in imminent danger of serious bodily harm.

<u>May 13, 2022 Excessive Force Incident and Subsequent Refusal to Provide Medical Care</u>.

1. Williams alleges that, on May 13, 2022, Sergeant Harper punched him in the face through the trap door in his cell. *Doc. 56 at 14*. Williams later clarifies that Sgt. Harper threw his legal mail through the trap door in his cell and the mail hit him in the mouth and caused him to bleed. *Doc. 56 at 39–40, 42*. Williams then alleges that *both* Sgt. Harper and Correctional Officer "Mogmothershed" punched him in the face. *Doc. 56 at 129*.

2. On June 4, 2022, Williams complained that Sergeant Harper was still being assigned to his barracks. *Doc. 56 at 20–22*.

---

[2] The Court's February 10 Order cautioned that, if Williams chose to file the requested Amended and Substituted Complaint, "that pleading [would] supersede all of his previous pleadings." *Doc. 42 at 5* (citing *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)).

3

3. Following the May 13 incident, Nurse Williams refused to see Williams for tooth pain. *Doc. 56 at 40, 129, 131–134.*

4. As of February 17, 2023, Williams had still not been seen for his tooth pain. *Doc. 135–136.*

Conditions of Confinement: Cold Cell During the Winter

5. On November 29, 2022, Williams was moved to a cell with no heat and was not given any thermal clothing to help protect him from the cold. *Doc. 56 at 139, 143–145.*

6. In December 2022, Williams developed a "bad cold" from the conditions in his cell and Nurse Williams refused to see him. *Doc. 56 at 153–154.*

7. As of February 20, 2023, Williams was "still in cell without clothing." *Doc. 56 at 137.*

To proceed *in forma pauperis*, Williams must allege facts showing imminent danger of serious physical injury *at the time* the complaint is filed. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Accordingly, Williams must allege an *ongoing* threat of a *serious* physical injury. *Id.*

Williams does not allege facts showing that, on December 19, 2022, when he initiated this action, either Defendant Sgt. Harper or Correctional Officer "Mogmothershed" pose on ongoing threat to his safety. And his allegation that he has not yet received treatment for his unspecified tooth pain does not meet the high

4

burden to show *imminent serious* physical harm. *Cf. McAlphin v. Toney*, 281 F.3d 709, 711 (8th Cir. 2002) (finding allegation of a spreading mouth infection, caused by two delayed tooth extractions, was sufficient to show imminent serious danger).

However, Williams' allegations regarding being continually placed in a cell with "no heat" and "without clothing" from November to February is a closer call. Based on the wording of Williams' Amended and Substituted Complaint, it is unclear if he is *completely* without clothes or has just been denied access to thermal underwear. Further, although Williams alleges the cell is "cold," there are no allegations suggesting that the cell reached a temperature low enough to pose a *serious* safety risk to Williams.

Liberally construing Williams' Amended and Substituted Complaint, and taking all facts alleged as true, the allegations simply do not rise to the level necessary to show that Williams is in imminent danger of serious physical harm.[3]

Accordingly, Williams is not permitted to proceed *in forma pauperis* and he must submit the full $402 filing fee to proceed with this lawsuit. His Motion to Extend Time to file an IFP Motion (*Doc. 59*) is DENIED, as moot.

---

[3] Despite the deluge of pleadings and documents Williams has filed, and, thus, the ample opportunity Williams has had to allege such facts, there are *no* allegations contained in *any* other filing that lead the Court to believe Williams is in imminent danger.

## II. Pending Motions

### A. Motions to File Amended Complaints

Now that Williams has filed his Amended and Substituted Complaint, his Motions for Leave to File an Amended Complaint (*Doc. 5; Doc. 36*) are DENIED, as moot.

### B. FOIA Requests

Request made under Arkansas' Freedom of Information Act ("FOIA") should be sent directly to the custodian of the public records that Williams seeks, not filed with the Court. *See* Ark. Code Ann. §§ 25-19-103, -105. Accordingly, Williams' FOIA Motions (*Doc. 44; Doc. 49*) are DENIED.

### C. Premature Discovery Requests and Motions for Summary Judgment

Williams has yet to pay the filing fee, his Complaint has not been screened, and summonses have yet to issue. Accordingly, his Motions for Discovery (*Doc. 43; Doc. 63; Doc. 64*) and Motions for Summary Judgment (*Doc. 58; Doc. 61; Doc. 62*) are DENIED, as premature.

### D. Unrelated Motions for Orders

Williams has filed several "Motions for Orders" that are unrelated to the allegations contained in his Amended and Substituted Complaint. Those Motions (*Doc. 10*;[4] *Doc. 25*;[5] *Doc. 27-1*;[6] *Doc. 33*[7]) are DENIED, as moot.

### E. Futile Motion for Order

In another Motion for Order, Williams complains that, in February 2023, *after he initiated this suit,* prison officials were interfering with his legal mail. If he seeks to pursue these new constitutional violations, he must do so in a new lawsuit *after* exhausting his administrative remedies through the ADC. *See* 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Accordingly, this Motion for Order (*Doc. 57*) is DENIED, as futile.

### F. Motions for Preliminary Injunctions

All Motions for Preliminary Injunction (*Doc 29; Doc. 35; Doc. 51; Doc. 52*) will be held in abeyance until Williams pays the required filing fee in this action.

## III. Restriction of Future Filings

Based on the record before the Court, it is clear that Williams has abused his filing rights by repeatedly submitting redundant, meritless, and premature motions.

---

[4] In this Motion, Williams alleges that, on August 18, 2022, Lt. Washington used excessive force against him. *Doc. 10*. This allegation is not contained in Williams' Substituted and Amended Complaint.

[5] In this Motion, Williams objects to an Order entered by "Magistrate Judge Patricia Harris on 5.19.2022." *Doc. 25 at 2*.

[6] In this 122-page Motion, Williams asks the Court for help applying for a writ of certiorari.

[7] This Motion again asks for relief from Judge Harris. *Doc. 33 at 3*.

Courts have wide discretion to manage their dockets and, if necessary, to impose filing restrictions of those who abuse the judicial process. *See Day v. Day*, 510 U.S. 1, 2 (1993); *In re Tyler*, 839 F.2d 1290, 1295 (8th Cir. 1988). Accordingly, the Clerk of the Court is directed to not accept any further pleadings from Williams until the $402 filing fee is paid.

IT IS THEREFORE ORDERED THAT:

1. Williams has until **April 7, 2023**, to pay the $402 filing fee, in full, if he wishes to proceed with this action. If he fails to do so, the Court will recommend that this case be dismissed, without prejudice.

2. The Clerk of the Court is directed to not accept any further pleadings from Williams until the $402 filing fee is paid in full.

3. Williams' Motion to Extend Time to File his IFP Motion (*Doc. 59*) is DENIED, as moot.

4. Williams' Motions for Leave to File an Amended Complaint (*Doc. 5; Doc. 36*) and Motions for Order (*Doc. 10; Doc. 25; Doc. 27-1; Doc. 33*) are DENIED, as moot.

5. Williams' Motions for Discovery (*Doc. 43; Doc. 63; Doc. 64*) are DENIED, as premature.

6. Williams' Freedom of Information Act ("FOIA") requests (*Doc. 44; Doc. 49*) are DENIED.

7. Williams' Motion for Order (*Doc. 57*) is DENIED, as futile.

8. Williams' Motions for Summary Judgment (*Doc. 58; Doc. 61; Doc. 62*) are DENIED, as premature.

9. Williams' Motions for Preliminary Injunction (*Doc. 29; Doc. 35; Doc. 51; Doc. 52*) are held in ABEYANCE. The Court will address those Motions if Williams pays the $402 filing fee to proceed with this action.

SO ORDERED this 8th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE